UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALAA ELTAHIR,                                                                            Case No.:
on behalf of herself and all
those similarly situated,

      Plaintiff,

v.

NOMI HEALTH, INC., a Delaware Corporation;
MEDIX STAFFING INC., a Florida Corporation;
MARK NEWMAN, an individual;
JOSHUA WALKER, an individual;
DANIEL SCHWENDIMAN, an individual;
and DOES 1 through 100;
      Defendants.
_____/

**COMPLAINT AND DEMAND FOR RELIEF**

Plaintiff, ALAA ELTAHIR by and through its undersigned counsel, and on behalf of herself and all other similarly situated employees, hereby sue Defendants, NOMI HEALTH, INC., MEDIX STAFFING, INC., MARK NEWMAN, JOSHUA WALKER, and DANIEL SCHWENDIMAN ("Defendants") and alleges as follows:

**NATURE OF THE ACTION**

1.  This is an action seeking recovery of unpaid overtime compensation owed to Plaintiff, and all those similarly situated to Plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA").

2.  The Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. §216.

1

## PARTIES

3. Plaintiff Alaa Eltahir ("Plaintiff") is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff is a covered employee for purposes of the FLSA.

4. At all times material hereto, Defendant Nomi Health, Inc. is, and all times material hereto was, a national Company, authorized to do business and doing business in the state of Florida, with its offices located in the county of Palm Beach, State of Florida and otherwise *sui juris*.

5. At all times material hereto, Defendant Medix Staffing is, and all times material hereto was, a national Company, authorized to do business and doing business in, the state of Florida, with its offices located in the county of Palm Beach, State of Florida and otherwise *sui juris*.

6. Defendant MARK NEWMAN is a Corporate Officer of NOMI HEALTH, INC., currently employed as Chief Executive Officer. Plaintiff is informed and believes that Defendant Newman acted in the interest of Nomi Health by intentionally misclassifying Plaintiff as an independent contractor, and by failing to pay Plaintiff, and others similarly situated, overtime compensation thus depriving them of their lawfully earned wages.

7. Defendant JOSHUA WALKER is a Corporate Officer of NOMI HEALTH, INC., currently employed as Chief Operating Officer. Plaintiff is informed and believes that Defendant Walker acted in the interest of Nomi Health by intentionally misclassifying Plaintiff as an independent contractor, and by failing to pay Plaintiff, and others similarly situated, overtime compensation thus depriving them of their lawfully earned wages.

8. Defendant DANIEL SCHWENDIMAN is a Corporate Officer of NOMI HEALTH, INC., currently employed as Vice President. Plaintiff is informed and believes that Defendant Schwendiman acted in the interest of Nomi Health by intentionally misclassifying Plaintiff as an independent contractor, and by failing to pay Plaintiff, and others similarly situated, overtime compensation thus depriving them of their lawfully earned wages.

9. Defendants Nomi Health, Inc. and Medix Staffing, Inc. are Joint Employers of Plaintiff, and the FLSA Collective, within the meaning of 29 CFR §791.2.

10. Plaintiff is informed and believes that Defendant Nomi Health, Inc. purchased Medix Staffing, Inc., and as such entered into a parent/subsidiary relationship.

11. Plaintiff brings this action on behalf of herself and similarly situated current and former registered nurses, licensed nurse practitioners, and medical assistants ("The FLSA Collective"), who elect to opt into this action pursuant to the FLSA, 29 § 201 et seq., and specifically, the collective action provision of 29 U.S.C. § 216 (b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

12. At all times material hereto, Plaintiff, and the FLSA Collective, were employed by Defendants Nomi Health, Inc. and Medix Staffing as Registered Nurses ("RNs"), Licensed Practical Nurses ("LPNs"), and Medical Assistants ("MAs") who received an hourly wage as compensation. These RNs, LPNs, and MAs were responsible for conducting Covid-19 testing, at various testing sites throughout the state of Florida. The additional persons who may become Plaintiffs in this action are other RNs, LPNs, and MAs who worked for Defendants Nomi Health, Inc. and Medix Staffing, Inc. in the State of Florida, and who were subjected to the pay practices described herein.

13. Plaintiff has consented in writing to become the party/representative plaintiff in this action. Attached hereto as Exhibit A is Plaintiff's signed written consent form.

14. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the FLSA Collective at a rate of time and one half for each hour worked in excess of forty (40) in a workweek.

## JURISDICTION AND VENUE

15. Jurisdiction in this Court is proper as Plaintiff's claims are brought pursuant to the FLSA to recover back wages, liquidated damages, interest, reasonable attorney's fees and costs. Jurisdiction over this action is founded upon 29 U.S.C. §216 (b), FLSA.

16. Defendants Nomi Health, Inc. and Medix Staffing, Inc. are engaged in activities that relate to and involve interstate commerce. Moreover, at all times material hereto, Defendants Nomi and Medix had annual gross sales in an amount not less than $500,000.00 each. By reason of the foregoing, Defendants were, and are, enterprises "engaged in commerce" as defined by § 203 (r) and (s) of the FLSA.

17. At all times material hereto, the individual Defendants named herein are all Corporate Officers of Defendant Nomi Health, Inc., and all controlled the manner in which Plaintiff, and the FLSA Collective, performed their work and were paid for same. Defendants maintained complete control over the hours Plaintiff worked and the pay they were to receive.

18. Moreover, each individual Defendant acted, directly or indirectly, in the interest of an "employer" in relation to Plaintiff and the FLSA Collective. Therefore, the individually named defendants were Plaintiff's "employer(s)" and/or Joint Employers within the meaning of § 3 (d) of the FLSA.

19. The acts and omissions that give rise to this action occurred in Broward County, Miami-Dade County, Palm Beach County, and throughout the state of Florida. Venue is therefore proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 (b).

20. All conditions precedent to bringing this action have occurred, been performed, or been excused.

## GENERAL ALLEGATIONS

21. At all times material hereto, Plaintiff, and the FLSA Collective, were employed by Defendants Nomi Health, Inc. and Medix Staffing as Registered Nurses ("RNs"), Licensed Practical Nurses ("LPNs"), and Medical Assistants ("MAs") who received an hourly wage as compensation.

22. These RNs, LPNs, and MAs were responsible for performing Covid-19 testing at various testing sites throughout the state of Florida.

23. Each received an hourly wage from their labor, ranging from seventeen dollars ($17.00) an hour to forty-five dollars ($45.00) an hour.

24. Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per week, without being compensated at a rate a time of one half.

25. The members of the putative collection action are Plaintiff and those employees who routinely worked in excess of forty (40) hours per week, without being compensated at a rate a time of one half.

26. Plaintiff and the FLSA Collective are non-exempt employees of Defendants and entitled to overtime compensation in accordance with the provisions of the FLSA.

27. Consistent with Defendants' policies and patters of practice, Plaintiff and the FLSA Collective were not paid overtime at a rate of time and one half for all hours worked in excess of forty (40) for each work week.

28. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, to the benefit of Defendants and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

29. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to: willfully failing to pay their employees, including Plaintiff and the FLSA Collective, overtime compensation pursuant to the FLSA.

30. Plaintiff intends to seek conditional certification of a collective action only for similarly situated RNs, LPNs, and MAs, for the relevant time period pertaining to this action, a minimum of three years prior to the original filing of Plaintiff's Complaint.

31. Plaintiff and all other similarly situated seek damages for back overtime payments, mandatory liquidated damages as well as attorneys' fees and cots for

## COUNT I
**Violation of the Fair Labor Standards Act as against Nomi Health, Inc.**

32. Plaintiff repeats and re-alleges paragraphs 1 through 31 above, as though fully set forth herein.

33. The United States Code states to wit, "workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §207(a)(1).

34. Plaintiff brings this action on behalf of herself and the FLSA Collective to recover unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorney's fees, and costs from Defendants under the provisions of the FLSA.

35. At all times pertinent to this Complaint, Defendants had two or more employees who regularly handled goods and/or materials which had been sold or transported from across state lines of other states, and the Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to conduct business, transmits funds outside of the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

36. Defendants' annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise.

37. Plaintiff and the FLSA Collective had no managerial duties assigned to them and did not exercise any independent discretion in the performance of their job duties. Plaintiff and the FLSA collective were non-exempt employees, entitled to receive overtime pay for all hours worked in one week, in excess of forty hours.

38. Plaintiff and the FLSA Collective all worked for Defendant NOMI HEALTH, INC. within the past three years. In several workweeks during the relevant period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per week for Defendant Nomi.

39. In these workweeks, Plaintiff and the FLSA Collective were not paid overtime compensation by Defendants are required by §207 of the FLSA.

40. As a direct and proximate result of Defendant Nomi Health's failure to pay overtime compensation, Plaintiffs and the other employees similarly situated to Plaintiffs, have

been damages in the loss of wages, overtime payments and have incurred and are incurring costs and reasonable attorney's fees.

41. Defendant Nomi's failure to pay overtime was deliberate, willful, and without good faith or legal justification. Consequently, Plaintiff and the FLSA Collective are entitled to liquidated damages in an amount equal to the underpayment of overtime compensation and may week recovery dating back three (3) years from the filing of this action.

42. Plaintiff demands judgment against Defendants Nomi Health, Inc., a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

**WHEREFORE**, Plaintiff, ALLA ELTAHIR, and the FLSA Collective, respectfully requests this Court enter judgment against Defendant, NOMI HEALTH, INC. for compensatory damages (unpaid overtime), liquidated damages (double damages), interest, costs, and attorneys' fees pursuant to the FLSA, and any further relief the Court may deem just and proper under the circumstances.

## COUNT II
### Violation of the Fair Labor Standards Act as against Medix Staffing, Inc.

43. Plaintiff repeats and re-alleges paragraphs 1 through 31 above, as though fully set forth herein.

44. The United States Code states to wit, "workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §207(a)(1).

45. Plaintiff brings this action on behalf of herself and the FLSA Collective to recover unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorney's fees, and costs from Defendants under the provisions of the FLSA.

46. At all times pertinent to this Complaint, Defendants had two or more employees who regularly handled goods and/or materials which had been sold or transported from across state lines of other states, and the Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to conduct business, transmits funds outside of the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

47. Upon information and belief, Defendants' annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise.

48. Plaintiff and the FLSA Collective had no managerial duties assigned to them and did not exercise any independent discretion in the performance of their job duties. Plaintiff and the FLSA collective were non-exempt employees, entitled to receive overtime pay for all hours worked in one week, in excess of forty hours.

49. Plaintiff and the FLSA Collective all worked for Defendant MEDIX STAFFING, INC. within the past three years. In several workweeks during the relevant period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per week for Defendant Medix.

50. In these workweeks, Plaintiff and the FLSA Collective were not paid overtime compensation by Defendants are required by §207 of the FLSA.

51. As a direct and proximate result of Defendant Medix Staffing's failure to pay overtime compensation, Plaintiffs and the other employees similarly situated to Plaintiffs, have

been damages in the loss of wages, overtime payments, and have incurred and are incurring costs and reasonable attorney's fees.

52. Defendant Medix's failure to pay overtime was deliberate, willful, and without good faith or legal justification. Consequently, Plaintiff and the FLSA Collective are entitled to liquidated damages in an amount equal to the underpayment of overtime compensation and may week recovery dating back three (3) years from the filing of this action.

53. Plaintiff demands judgment against Defendants Medix Staffing, Inc., a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

**WHEREFORE**, Plaintiff, ALLA ELTAHIR, and the FLSA Collective, respectfully requests this Court enter judgment against Defendant, MEDIX STAFFING, INC. for compensatory damages (unpaid overtime), liquidated damages (double damages), interest, costs, and attorneys' fees pursuant to the FLSA, and any further relief the Court may deem just and proper under the circumstances.

## COUNT III
### Violation of the Fair Labor Standards Act as against Mark Newman

54. Plaintiff repeats and re-alleges paragraphs 1 through 30 above, as though fully set forth herein.

55. At all times material hereto, Defendant MARK NEWMAN was, and is now, a corporate officer of corporate Defendant NOMI HEALTH, INC.

56. Defendant was an employer of Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA in that MARK NEWMAN acted directly in the interests of Defendant NOMI HEALTH, INC. in relation to its employees including Plaintiff and the FLSA Collective.

57. Defendant MARK NEWMAN had operational control of the business and is thus personally liable for Plaintiff's damages.

58. Defendant willfully and intentionally refused to properly pay Plaintiff and the FLSA Collective wages and required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff, ALLA ELTAHIR, and the FLSA Collective, respectfully requests this Court enter judgment against Defendant MARK NEWMAN for compensatory damages (unpaid overtime), liquidated damages (double damages), interest, costs, and attorneys' fees pursuant to the FLSA, and any further relief the Court may deem just and proper under the circumstances.

### COUNT IV
### Violation of the Fair Labor Standards Act as against Joshua Walker

1. Plaintiff repeats and re-alleges paragraphs 1 through 30 above, as though fully set forth herein.

2. At all times material hereto, Defendant JOSHUA WALKER was, and is now, a corporate officer of corporate Defendant NOMI HEALTH, INC.

3. Defendant was an employer of Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA in that JOSHUA WALKER acted directly in the interests of Defendant NOMI HEALTH, INC. in relation to its employees including Plaintiff and the FLSA Collective.

4. Defendant JOSHUA WALKER had operational control of the business and is thus personally liable for Plaintiff's damages.

5. Defendant willfully and intentionally refused to properly pay Plaintiff and the FLSA Collective wages and required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff, ALLA ELTAHIR, and the FLSA Collective, respectfully requests this Court enter judgment against Defendant JOSHUA WALKER for compensatory damages (unpaid overtime), liquidated damages (double damages), interest, costs, and attorneys' fees pursuant to the FLSA, and any further relief the Court may deem just and proper under the circumstances.

## COUNT V
**Violation of the Fair Labor Standards Act as against Daniel Schwendiman**

1. Plaintiff repeats and re-alleges paragraphs 1 through 30 above, as though fully set forth herein.

2. At all times material hereto, Defendant DANIEL SCHWENDIMAN was, and is now, a corporate officer of corporate Defendant NOMI HEALTH, INC.

3. Defendant was an employer of Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA in that DANIEL SCHWENDIMAN acted directly in the interests of Defendant NOMI HEALTH, INC. in relation to its employees including Plaintiff and the FLSA Collective.

4. Defendant DANIEL SCHWENDIMAN had operational control of the business and is thus personally liable for Plaintiff's damages.

5. Defendant willfully and intentionally refused to properly pay Plaintiff and the FLSA Collective wages and required by the law of the United States as set forth above and remains

owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff, ALLA ELTAHIR, and the FLSA Collective, respectfully requests this Court enter judgment against Defendant DANIEL SCHWENDIMAN for compensatory damages (unpaid overtime), liquidated damages (double damages), interest, costs, and attorneys' fees pursuant to the FLSA, and any further relief the Court may deem just and proper under the circumstances.

### PRAYER FOR RELIEF AS AGAINST DEFENDANT NOMI HEALTH, INC.

**WHEREFORE**, Plaintiff prays judgment against Defendant Nomi Health as follows:

1. For compensatory damages for the first cause of action;
2. For liquidated damages for the first cause of action;
3. For reasonable attorneys' fees in an amount to be shown according to proof, for the first, cause of action.
4. For an award of interest, including prejudgment interest, at the legal rate;
5. For costs and fees of suit herein incurred; and
6. For such other and further relief as this Court deems proper.

### PRAYER FOR RELIEF AS AGAINST DEFENDANT MEDIX STAFFING, INC.

**WHEREFORE**, Plaintiff prays judgment against Defendant Medix Staffing, Inc. as follows:

7. For compensatory damages for the second cause of action;
8. For liquidated damages for the second cause of action;
9. For reasonable attorneys' fees in an amount to be shown according to proof, for the

second cause of action.

10. For an award of interest, including prejudgment interest, at the legal rate;

11. For costs and fees of suit herein incurred; and

12. For such other and further relief as this Court deems proper.

### PRAYER FOR RELIEF AS AGAINST DEFENDANT MARK NEWMAN

**WHEREFORE**, Plaintiff prays judgment against Defendant MARK NEWMAN as follows:

13. For compensatory damages for the third cause of action;

14. For liquidated damages for the third cause of action;

15. For reasonable attorneys' fees in an amount to be shown according to proof, for the third cause of action.

16. For an award of interest, including prejudgment interest, at the legal rate;

17. For costs and fees of suit herein incurred; and

18. For such other and further relief as this Court deems proper.

### PRAYER FOR RELIEF AS AGAINST DEFENDANT JOSHUA WALKER

**WHEREFORE**, Plaintiff prays judgment against Defendant JOSHUA WALKER as follows:

19. For compensatory damages for the fourth cause of action;

20. For liquidated damages for the fourth cause of action;

21. For reasonable attorneys' fees in an amount to be shown according to proof, for the fourth cause of action.

22. For an award of interest, including prejudgment interest, at the legal rate;

23. For costs and fees of suit herein incurred; and

24. For such other and further relief as this Court deems proper.

### PRAYER FOR RELIEF AS AGAINST DEFENDANT DANIEL SCHWENDIMAN

**WHEREFORE**, Plaintiff prays judgment against Defendant DANIEL SCHWENDIMAN as follows:

25. For compensatory damages for the fifth cause of action;

26. For liquidated damages for the fifth cause of action;

27. For reasonable attorneys' fees in an amount to be shown according to proof, for the fifth cause of action.

28. For an award of interest, including prejudgment interest, at the legal rate;

29. For costs and fees of suit herein incurred; and

30. For such other and further relief as this Court deems proper.

Dated this 2nd day of June, 2022.

Respectfully submitted,

**OBEIDY & ASSOCIATES, P.A.**

*/s/ A. Andrew OBeidy*
A. ANDREW OBEIDY, ESQ. (FBN 0910341)
Attorney for Plaintiff and the FLSA Collective