**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 0:22-CV-61046-CMA**

ALAA ELTAHIR, on behalf of herself and all
those similarly situated,

        Plaintiff,

  v.

NOMI HEALTH, INC., a Delaware
Corporation; MEDX STAFFING INC., a Utah
Corporation; MARK NEWMAN, an
individual; JOSHUA WALKER, an individual;
and DANIEL SCHWENDIMAN, an
individual;

        Defendants.

---

**DEFENDANTS MARK NEWMAN AND JOSHUA WALKER'S ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR RELIEF**

Defendants Mark Newman and Joshua Walker (collectively, "Defendants"), by and

through undersigned counsel, hereby respond to the First Amended Complaint and Demand for

Relief ("Amended Complaint") (Dkt. 9) filed by Plaintiff Alaa Eltahir in the above-referenced

matter. To the extent the allegations within the Amended Complaint are not expressly admitted

below, they are hereby denied.

**NATURE OF THE ACTION**

**COMPLAINT ¶1:**

This is an action seeking recovery of unpaid overtime compensation owed to Plaintiff, and
all those similarly situated to Plaintiffs [sic], pursuant to the Fair Labor Standards Act, 29 U.S.C.
§ 201 *et seq.*, as amended ("FLSA").

**ANSWER:**

Defendants admit that Plaintiff purports to seek recovery of allegedly unpaid overtime,

individually and purportedly on behalf of others allegedly similarly situated, under the FLSA.

Defendants expressly deny, however, that any overtime is owed or that similarly situated individuals exist. Defendants deny Paragraph 1 in all remaining respects.

**COMPLAINT ¶2:**

The Court has jurisdiction over Plaintiff's FLSA claims pursuant to the [sic] 29 U.S.C. § 216.

**ANSWER:**

Defendants state that Paragraph 2 constitutes a legal conclusion to which no response is required, and therefore deny the same.

## PARTIES

**COMPLAINT ¶3:**

Plaintiff Alaa Eltahir ("Plaintiff") is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff is a covered employee for purposes of the FLSA.

**ANSWER:**

Defendants are without information sufficient to admit or deny the first sentence of Paragraph 3, and therefore deny the same. Defendants deny all remaining allegations in Paragraph 3.

**COMPLAINT ¶4:**

At all times material hereto, Defendant Nomi Health, Inc. is, and all [sic] times material hereto was, a national Company, authorized to do business and doing business in the state of Florida, with its offices located in the county of Palm Beach, State of Florida and otherwise *sui juris*.

**ANSWER:**

Defendants state that Paragraph 4 is directed to another Defendant, and thus no response from Defendants is required.

**COMPLAINT ¶5:**

At all times material hereto, Defendant Medx [sic] Staffing is, and all [sic] times material hereto was, a Utah company, authorized to do business and doing business in, the state of Florida, with its offices located in the county of Palm Beach, State of Florida and otherwise *sui juris*.

**ANSWER:**

Defendants state that Paragraph 5 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶6:**

Defendant MARK NEWMAN is a Corporate Officer of NOMI HEALTH, INC., currently
employed as Chief Executive Officer. Defendant MARK NEWMAN is also a Corporate Officer
and acting President of MEDX STAFFING, INC. Plaintiff is informed and believes that Defendant
Newman acted in the interest of Nomi Health and Medx [sic] Staffing by intentionally
misclassifying Plaintiff as an independent contractor, and by failing to pay Plaintiff, and others
similarly situated, overtime compensation thus [sic] depriving them of their lawfully earned wages.

**ANSWER:**

Defendants admit that Mark Newman is currently a corporate officer and employed as

Chief Executive Officer of Nomi Health, Inc. Defendants admit that Mark Newman is currently a

corporate officer and acting President of MedX Staffing, Inc. Defendants deny all remaining

allegations in Paragraph 6.

**COMPLAINT ¶7:**

Defendant JOSHUA WALKER is a Corporate Officer of NOMI HEALTH, INC., currently
employed as Chief Operating Officer. Plaintiff is informed and believes that Defendant Walker
acted in the interest of Nomi Health by intentionally misclassifying Plaintiff as an independent
contractor, and by failing to pay Plaintiff, and others similarly situated, overtime compensation
thus [sic] depriving them of their lawfully earned wages.

**ANSWER:**

Defendants admit that Joshua Walker is currently a corporate officer and employed as

Chief Operating Officer of Nomi Health, Inc. Defendants deny all remaining allegations in

Paragraph 7.

**COMPLAINT ¶8:**

Defendant DANIEL SCHWENDIMAN is a Corporate Officer of NOMI HEALTH, INC.,
currently employed as Vice President. Defendant DANIEL SCHWENDIMAN is also a Corporate
Officer of MedX Staffing, Inc. Plaintiff is informed and believes that Defendant Schwendiman
acted in the interest of Nomi Health and Medx [sic] Staffing by intentionally misclassifying

Plaintiff as an independent contractor, and by failing to pay Plaintiff, and others similarly situated, overtime compensation thus [sic] depriving them of their lawfully earned wages.

**ANSWER:**

Defendants state that Paragraph 8 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶9:**

Defendants Nomi Health, Inc. and Medx [sic] Staffing, Inc. are Joint Employers [sic] of Plaintiff and the FLSA Collective, within the meaning of 29 CFR § 791.2.

**ANSWER:**

Defendants state that Paragraph 9 constitutes a legal conclusion, to which no response is

required. Defendants further state that Paragraph 9 is directed to another Defendant, and thus no

response from Defendants is required.

**COMPLAINT ¶10:**

Plaintiff is informed and believes that Defendant Nomi Health, Inc. purchased Medx [sic] Staffing, Inc., and as such entered into a parent/subsidiary relationship.

**ANSWER:**

Defendants state that Paragraph 10 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶11:**

Plaintiff brings this action on behalf of herself and similarly situated current and former registered nurses, licensed nurse practitioners, and medical assistants ("The FLSA Collective"), who elect to opt into this action pursuant to the FLSA, 29 § 201 [sic] et seq., and specifically, the collective action provision of 29 U.S.C. § 216 (b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

**ANSWER:**

Defendants deny the allegations in Paragraph 11.

**COMPLAINT ¶12:**

At all times material hereto, Plaintiff, and the FLSA Collective, were employed by Defendants Nomi Health, Inc. and Medx [sic] Staffing as Registered Nurses ("RNs"), Licensed Practical Nurses ("LPNs"), and Medical Assistants ("MAs") who received an hourly wage as compensation. These RNs, LPNs, and MAs were responsible for conducting Covid-19 testing, at various testing sites throughout the state of Florida. The additional persons who may become Plaintiffs in this action are other RNs, LPNs, and MAs who worked for Defendants Nomi Health, Inc. and Medx [sic] Staffing, Inc. in the State of Florida, and who were subjected to the pay practices described herein.

**ANSWER:**

Defendants deny the allegations in Paragraph 12.

**COMPLAINT ¶13:**

Plaintiff has consented in writing to become the party/representative plaintiff in this action. Attached hereto as Exhibit A is Plaintiff's signed written consent form.

**ANSWER:**

Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 13, and thus deny the same. Defendants state, however, that any "consent" by Plaintiff to become a "representative plaintiff" would be wholly ineffective, even if provided, in an FLSA collective action.

**COMPLAINT ¶14:**

Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the FLSA Collective at a rate of time and one half for each hour worked in excess of forty (40) in a workweek.

**ANSWER:**

Defendants deny the allegations in Paragraph 14.

## JURISDICTION AND VENUE

**COMPLAINT ¶15:**

Jurisdiction in this Court is proper as Plaintiff's claims are brought pursuant to the FLSA to recover back wages, liquidated damages, interest, reasonable attorney's fees and costs. Jurisdiction over this action is founded upon 29 U.S.C. § 216(b), FLSA.

**ANSWER:**

Defendants admit that this Court has subject matter jurisdiction over Plaintiff's FLSA claims. Defendants deny all remaining allegations in Paragraph 15.

**COMPLAINT ¶16:**

Defendants Nomi Health, Inc. and Medx Staffing, Inc. are engaged in activities that relate to and involve interstate commerce. Moreover, at all times material hereto, Defendants Nomi and Medx had annual gross sales in an amount not less than $500,000.00 each. By reason of the foregoing, Defendants were, and are, enterprises "engaged in commerce" as defined by § 203 (r) and (s) of the FLSA.

**ANSWER:**

Defendants state that Paragraph 16 is directed to other defendants, and thus no response from Defendants is required.

**COMPLAINT ¶17:**

At all times material hereto, the individual Defendants named herein are all Corporate Officers of Defendant Nomi Health, Inc., and all controlled the manner in which Plaintiff, and the FLSA Collective, performed their work and were paid for same. Defendants maintained complete control over the hours Plaintiff worked and the pay they were to receive.

**ANSWER:**

Defendants deny the allegations in Paragraph 17.

**COMPLAINT ¶18:**

Moreover, each individual Defendant acted, directly or indirectly, in the interest of an "employer" in relation to Plaintiff and the FLSA Collective. Therefore, the individually named defendants were Plaintiff's "employer(s)" within the meaning of § 3 (d) of the FLSA.

**ANSWER:**

Defendants deny the allegations in Paragraph 18.

**COMPLAINT ¶19:**

The acts and omissions that give rise to this action occurred in Broward County, Miami-Dade County, Palm Beach County, and throughout the state of Florida. Venue is therefore proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 (b).

**<u>ANSWER:</u>**

Defendants deny the allegations in Paragraph 19.

**<u>COMPLAINT ¶20:</u>**

All conditions precedent to bringing this action have occurred, been performed, or been excused.

**<u>ANSWER:</u>**

Defendants deny that any condition precedent has been excused. Defendants state that they

are without information sufficient to admit or deny the remainder of Paragraph 20, and therefore

deny the same.

<u>**GENERAL ALLEGATIONS**</u>

**<u>COMPLAINT ¶21:</u>**

At all times material hereto, Plaintiff, and the FLSA Collective, were employed by Defendants Nomi Health, Inc. and Medx [sic] Staffing as Registered Nurses ("RNs"), Licensed Practical Nurses ("LPNs"), and Medical Assistants ("MAs") who received an hourly wage as compensation.

**<u>ANSWER:</u>**

Defendants deny the allegations in Paragraph 21.

**<u>COMPLAINT ¶22:</u>**

These RNs, LPNs, and MAs were responsible for performing Covid-19 testing at various testing sites throughout the state of Florida.

**<u>ANSWER:</u>**

Defendants deny the allegations in Paragraph 22.

**<u>COMPLAINT ¶23:</u>**

Each received an hourly wage from [sic] their labor, ranging from seventeen dollars ($17.00) an hour to forty-five dollars ($45.00) an hour.

**<u>ANSWER:</u>**

Defendants deny the allegations in Paragraph 23.

**COMPLAINT ¶24:**

Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per week, without being compensated at a rate a [sic] time of one half.

**ANSWER:**

Defendants admit that, in certain workweeks, Plaintiff worked over 40 hours and was not

paid overtime because, as an independent contractor, she was not entitled to it. Defendants deny

all remaining allegations in Paragraph 24.

**COMPLAINT ¶25:**

The members of the putative collection [sic] action are Plaintiff and those employees who routinely worked in excess of forty (40) hours per week, without being compensated at a rate a [sic] time of one half.

**ANSWER:**

Defendants deny the allegations in Paragraph 25.

**COMPLAINT ¶26:**

Plaintiff and the FLSA Collective are non-exempt employees of Defendants and entitled to overtime compensation in accordance with the provisions of the FLSA.

**ANSWER:**

Defendants deny the allegations in Paragraph 26.

**COMPLAINT ¶27:**

Consistent with Defendants' policies and patters [sic] of practice, Plaintiff and the FLSA Collective were not paid overtime at a rate of time and one half for all hours worked in excess of forty (40) for each work week.

**ANSWER:**

Defendants admit that Plaintiff was not paid overtime. Defendants deny that the "FLSA

Collective," as defined, may properly be certified, and deny the remaining allegations in Paragraph

27.

**COMPLAINT ¶28:**

All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

**ANSWER:**

Defendants deny the allegations in Paragraph 28.

**COMPLAINT ¶29:**

As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to: willfully failing to pay their employees, including Plaintiff and the FLSA Collective, overtime compensation pursuant to the FLSA.

**ANSWER:**

Defendants deny the allegations in Paragraph 29.

**COMPLAINT ¶30:**

Plaintiff intends to seek conditional certification of a collective action only for similarly situated RNs, LPNs, and MAs, for the relevant time period pertaining to this action, a minimum of three years prior to the original filing of Plaintiff's Complaint.

**ANSWER:**

Defendants admit that Plaintiff purports to intend to seek conditional certification of a collective action, but deny that any collective may properly be certified, and deny all remaining allegations in Paragraph 30.

## COUNT I

**Violation of the Fair Labor Standards Act as against Nomi Health, Inc.**

**ANSWER:**

To the extent the foregoing header contains any factual allegations, Defendants deny the same.

**COMPLAINT ¶31:**

Plaintiff repeats and re-alleges paragraphs 1 through 30 above, as though fully set forth herein.

**ANSWER:**

Defendants state that Paragraph 31 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶32:**

The United States Code states to wit, "workweek [sic] longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §207(a)(1).

**ANSWER:**

Defendants state that Paragraph 32 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶33:**

Plaintiff brings this action on behalf of herself and the FLSA Collective to recover unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorney's fees, and costs from Defendants under the provisions of the FLSA.

**ANSWER:**

Defendants state that Paragraph 33 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶34:**

At all times pertinent to this Complaint, Defendants had two or more employees who regularly handled goods and/or materials which had been sold or transported from across state lines of other states, and the Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to conduct business, transmits funds outside of the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

**ANSWER:**

Defendants state that Paragraph 34 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶35:**

Defendants' annual gross revenue exceeded $500,000 per annum on its [sic] own, or as part of a joint enterprise.

**ANSWER:**

Defendants state that Paragraph 35 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶36:**

Plaintiff and the FLSA Collective had no managerial duties assigned to them and did not exercise any independent discretion in the performance of their job duties. Plaintiff and the FLSA collective were non-exempt employees, entitled to receive overtime pay for all hours worked in one week, in excess of forty hours.

**ANSWER:**

Defendants state that Paragraph 36 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶37:**

Plaintiff and the FLSA Collective all worked for Defendant NOMI HEALTH, INC. within the past three years. In several workweeks during the relevant period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per week for Defendant Nomi.

**ANSWER:**

Defendants state that Paragraph 37 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶38:**

In these workweeks, Plaintiff and the FLSA Collective were not paid overtime compensation by Defendants are [sic] required by §207 of the FLSA.

**ANSWER:**

Defendants state that Paragraph 38 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶39:**

As a direct and proximate result of Defendant Nomi Health's failure to pay overtime compensation, Plaintiffs [sic] and the other employees similarly situated to Plaintiffs [sic], have been damages [sic] in the loss of wages, and have incurred and are incurring costs and reasonable attorney's fees.

**ANSWER:**

Defendants state that Paragraph 39 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶40:**

Defendant Nomi's failure to pay overtime was deliberate, willful, and without good faith or legal justification. Consequently, Plaintiff and the FLSA Collective are entitled to liquidated damages in an amount equal to the underpayment of overtime compensation and may week [sic] recovery dating back three (3) years from the filing of this action.

**ANSWER:**

Defendants state that Paragraph 40 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶41:**

Plaintiff demands judgment against Defendants [sic] Nomi Health, Inc., a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

**ANSWER:**

Defendants state that Paragraph 41 is directed to another Defendant, and thus no response

from Defendants is required.

**PRAYER FOR RELIEF:**

**WHEREFORE**, Plaintiff, ALLA [sic] ELTAHIR, and the FLSA Collective, respectfully requests [sic] this Court enter judgment against Defendant, NOMI HEALTH, INC. for compensatory damages (unpaid overtime), liquidated damages (double damages), interest, costs,

and attorneys' fees pursuant to the FLSA, and any further relief the Court may deem just and proper under the circumstances.

**ANSWER:**

Defendants state that the untitled prayed for relief is directed to another Defendant, and

thus no response from Defendants is required.

## COUNT II

**Violation of the Fair Labor Standards Act as against Medx [sic] Staffing, Inc.**

**ANSWER:**

To the extent the foregoing header contains any factual allegations, Defendants deny the same.

**COMPLAINT ¶42:**

Plaintiff repeats and re-alleges paragraphs 1 through 30 above, as though fully set forth herein.

**ANSWER:**

Defendants state that Paragraph 42 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶43:**

The United States Code states to wit, "workweek [sic] longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §207(a)(1).

**ANSWER:**

Defendants state that Paragraph 43 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶44:**

Plaintiff brings this action on behalf of herself and the FLSA Collective to recover unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorney's fees, and costs from Defendants under the provisions of the FLSA.

**ANSWER:**

Defendants state that Paragraph 44 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶45:**

At all times pertinent to this Complaint, Defendants had two or more employees who regularly handled goods and/or materials which had been sold or transported from across state lines of other states, and the Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to conduct business, transmits funds outside of the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

**ANSWER:**

Defendants state that Paragraph 45 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶46:**

Upon information and belief, Defendants' annual gross revenue exceeded $500,000 per annum on its [sic] own, or as part of a joint enterprise.

**ANSWER:**

Defendants state that Paragraph 46 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶47:**

Plaintiff and the FLSA Collective had no managerial duties assigned to them and did not exercise any independent discretion in the performance of their job duties. Plaintiff and the FLSA collective were non-exempt employees, entitled to receive overtime pay for all hours worked in one week, in excess of forty hours.

**ANSWER:**

Defendants state that Paragraph 47 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶48:**

Plaintiff and the FLSA Collective all worked for Defendant MEDX STAFFING, INC. within the past three years. In several workweeks during the relevant period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per week for Defendant Medx [sic].

**ANSWER:**

Defendants state that Paragraph 48 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶49:**

In these workweeks, Plaintiff and the FLSA collective were not paid overtime compensation be Defendants are [sic] required by § 207 of the FLSA.

**ANSWER:**

Defendants state that Paragraph 49 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶50:**

As a direct and proximate result of Defendant Medx [sic] Staffing's failure to pay overtime compensation, Plaintiffs [sic] and the other employees similarly situated to Plaintiffs [sic], have been damages [sic] in the loss of wages, and have incurred and are incurring costs and reasonable attorney's fees.

**ANSWER:**

Defendants state that Paragraph 50 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶51:**

Defendant Medx's [sic] failure to pay overtime was deliberate, willful, and without good faith or legal justification. Consequently, Plaintiff and the FLSA Collective are entitled to liquidated damages in an amount equal to the underpayment of overtime compensation and may week [sic] recovery dating back three (3) years from the filing of this action.

**ANSWER:**

Defendants state that Paragraph 51 is directed to another Defendant, and thus no response

from Defendants is required.

**COMPLAINT ¶52:**

Plaintiff demands judgment against Defendants Medx Staffing, Inc., a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

**ANSWER:**

Defendants state that Paragraph 52 is directed to another Defendant, and thus no response

from Defendants is required.

**PRAYER FOR RELIEF:**

**WHEREFORE**, Plaintiff, ALLA [sic] ELTAHIR, and the FLSA Collective, respectfully requests [sic] this Court enter judgment against Defendant, MEDX STAFFING, INC. for compensatory damages (unpaid overtime), liquidated damages (double damages), interest, costs, and attorneys' fees pursuant to the FLSA, and any further relief the Court may deem just and proper under the circumstances.

**ANSWER:**

Defendants state that the untitled prayer for relied is directed to another Defendant, and

thus no response from Defendants is required.

## COUNT III

### Violation of the Fair Labor Standards Act against Mark Newman

**ANSWER:**

To the extent the foregoing header contains any factual allegations, Defendants deny the

same.

**COMPLAINT ¶53:**

Plaintiff repeats and re-alleges paragraphs 1 through 30 above, as though fully set forth herein.

**ANSWER:**

Defendants incorporate by reference their responses to Paragraphs 1 through 30.

**COMPLAINT ¶54:**

At all times material hereto, Defendant MARK NEWMAN was, and is now, a corporate officer of corporate Defendant NOMI HEALTH, INC.

**ANSWER:**

Defendants admit that Mark Newman is currently a corporate officer of Nomi Health, Inc. Defendants state that the phrase "at all times material hereto" is vague, ambiguous, and unintelligible, and thus deny the remainder Paragraph 54.

**COMPLAINT ¶55:**

Defendant was an employer of Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA in that MARK NEWMAN acted directly in the interests of Defendant NOMI HEALTH, INC. in relation to its employees including Plaintiff and the FLSA Collective.

**ANSWER:**

Defendants deny the allegations in Paragraph 55.

**COMPLAINT ¶56:**

Defendant MARK NEWMAN had operational control of the business and is thus personally liable for Plaintiff's damages.

**ANSWER:**

Defendants state that Paragraph 56 constitutes a legal conclusion, to which no response is required, and therefore deny the same.

**COMPLAINT ¶57:**

Defendant willfully and intentionally refused to properly pay Plaintiff and the FLSA Collective wages and [sic] required by the law of the United States as set forth above and remains owing [sic] Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**ANSWER:**

Defendants deny the allegations in Paragraph 57.

**PRAYER FOR RELIEF:**

**WHEREFORE**, Plaintiff, ALLA [sic] ELTAHIR, and the FLSA Collective, respectfully requests [sic] this Court enter judgment against Defendant MARK NEWMAN for compensatory damages (unpaid overtime), liquidated damages (double damages), interest, costs, and attorneys' fees pursuant to the FLSA, and any further relief the Court may deem just and proper under the circumstances.

**ANSWER:**

Defendants deny any factual allegations in the untitled prayer for relief, and deny that Plaintiff (or any other individual) is entitled to any relief whatsoever.

**COUNT IV**

**Violation of the Fair Labor Standards Act as against Joshua Walker**

**ANSWER:**

To the extent the foregoing header contains factual allegations, Defendants deny the same.

**COMPLAINT ¶1: [sic]**

Plaintiff repeats and re-alleges paragraphs 1 through 30 above, as though fully set forth herein.

**ANSWER:**

Defendants incorporate by reference their responses to Paragraphs 1 through 30.

**COMPLAINT ¶2:[sic]**

At all times material hereto, Defendant JOSHUA WALKER was, and is now, a corporate officer of corporate Defendant NOMI HEALTH, INC.

**ANSWER:**

Defendants admit that Joshua Walker is currently a corporate officer of Nomi Health, Inc. Defendants state that the phrase "at all times material hereto" is vague, ambiguous, and unintelligible, and thus deny the remainder Paragraph 2 [sic].

**COMPLAINT ¶3:[sic]**

Defendant was an employer of Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA in that JOSHUA WALKER acted directly in the interests of Defendant NOMI HEALTH, INC. in relation to its employees including Plaintiff and the FLSA Collective.

**ANSWER:**

Defendants deny the allegations in Paragraph 3 [sic].

**COMPLAINT ¶4: [sic]**

Defendant JOSHUA WALKER had operational control of the business and is thus personally liable for Plaintiff's damages.

**ANSWER:**

Defendants state that Paragraph 4 [sic] constitutes a legal conclusion, to which no response

is required, and therefore deny the same.

**COMPLAINT ¶5:[sic]**

Defendant willfully and intentionally refused to properly pay Plaintiff and the FLSA Collective wages and [sic] required by the law of the United States as set forth above and remains owing [sic] Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**ANSWER:**

Defendants deny the allegations in Paragraph 5 [sic].

**PRAYER FOR RELIEF:**

**WHEREFORE**, Plaintiff, ALLA [sic] ELTAHIR, and the FLSA Collective, respectfully requests [sic] this Court enter judgment against Defendant JOSHUA WALKER for compensatory damages (unpaid overtime), liquidated damages (double damages), interest, costs, and attorneys' fees pursuant to the FLSA, and any further relief the Court may deem just and proper under the circumstances.

**ANSWER:**

Defendants deny any factual allegations in the untitled prayer for relief, and deny that

Plaintiff (or any other individual) is entitled to any relief whatsoever.

## COUNT V

### Violation of the Fair Labor Standards Act as against Daniel Schwendiman

**ANSWER:**

To the extent the foregoing header contains factual allegations, Defendants deny the same.

**COMPLAINT ¶1:[sic]**

Plaintiff repeats and re-alleges paragraphs 1 through 30 above, as though fully set forth herein.

**ANSWER:**

Defendants state that Paragraph 1 [sic] is directed to another Defendant, and thus no response from Defendants is required.

**COMPLAINT ¶2:[sic]**

At all times material hereto, Defendant DANIEL SCHWENDIMAN was, and is now, a corporate officer of corporate Defendant NOMI HEALTH, INC.

**ANSWER:**

Defendants state that Paragraph 2 [sic] is directed to another Defendant, and thus no response from Defendants is required.

**COMPLAINT ¶3: [sic]**

Defendant was an employer of Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA in that DANIEL SCHWENDIMAN acted directly in the interests of Defendant NOMI HEALTH, INC. in relation to its employees including Plaintiff and the FLSA Collective.

**ANSWER:**

Defendants state that Paragraph 3 [sic] is directed to another Defendant, and thus no response from Defendants is required.

**COMPLAINT ¶4: [sic]**

Defendant DANIEL SCHWENDIMAN had operational control of the business and is thus personally liable for Plaintiff's damages.

**ANSWER:**

Defendants state that Paragraph 4 [sic] is directed to another Defendant, and thus no response from Defendants is required.

**COMPLAINT ¶5: [sic]**

Defendant willfully and intentionally refused to properly pay Plaintiff and the FLSA Collective wages and [sic] required by the law of the United States as set forth above and remains owing [sic] Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**ANSWER:**

Defendants state that Paragraph 5 [sic] is directed to another Defendant, and thus no response from Defendants is required.

**PRAYER FOR RELIEF:**

**WHEREFORE**, Plaintiff, ALLA [sic] ELTAHIR, and the FLSA Collective, respectfully requests [sic] this Court enter judgment against Defendant DANIEL SCHWENDIMAN for compensatory damages (unpaid overtime), liquidated damages (double damages), interest, costs, and attorneys' fees pursuant to the FLSA, and any further relief the Court may deem just and proper under the circumstances.

**ANSWER:**

Defendants state that the untitled prayer for relief is directed to another Defendant, and thus no response from Defendants is required.

**PRAYER FOR RELIEF AS AGAINST
DEFENDANT NOMI HEALTH, INC.**

**WHEREFORE**, Plaintiff prays judgment against Defendant Nomi Health as follows:

1.    For compensatory damages for the first cause of action;

2.    For liquidated damages for the first cause of action;

3.    For reasonable attorneys' fees in an amount to be shown according to proof, for the first, [sic] cause of action.

4.    For an award of interest, including prejudgment interest, at the legal rate;

5.    For costs and fees of suit herein incurred; and

6.    For such other and further relief as this Court deems proper.

**ANSWER:**

Defendants state that the Prayer for Relief is directed to another Defendant, and thus no response from Defendants is required.

<u>**PRAYER FOR RELIEF AS AGAINST**</u>
<u>**DEFENDANT MEDX STAFFING, INC.**</u>

**WHEREFORE**, Plaintiff prays judgment against Defendant Medx [sic] Staffing, Inc. as follows:

7. [sic]    For compensatory damages for the second cause of action;

8. [sic]    For liquidated damages for the second cause of action;

9. [sic]    For reasonable attorneys' fees in an amount to be shown according to proof, for the second cause of action.

10. [sic]    For an award of interest, including prejudgment interest, at the legal rate;

11. [sic]    For costs and fees of suit herein incurred; and

12. [sic]    For such other and further relief as this Court deems proper.

**<u>ANSWER:</u>**

Defendants state that the Prayer for Relief is directed to another Defendant, and thus no response from Defendants is required.

<u>**PRAYER FOR RELIEF AS AGAINST**</u>
<u>**DEFENDANT MARK NEWMAN**</u>

**WHEREFORE**, Plaintiff prays judgment against Defendant MARK NEWMAN as follows:

13. [sic]    For compensatory damages for the third cause of action;

14. [sic]    For liquidated damages for the third cause of action;

15. [sic]    For reasonable attorneys' fees in an amount to be shown according to proof, for the third cause of action.

16. [sic]    For an award of interest, including prejudgment interest, at the legal rate;

17. [sic]    For costs and fees of suit herein incurred; and

18. [sic]    For such other and further relief as this Court deems proper.

**<u>ANSWER:</u>**

Defendants deny any factual allegations in the prayer for relief, and deny that Plaintiff (or any other individual) is entitled to any relief whatsoever.

### PRAYER FOR RELIEF AS AGAINST
### DEFENDANT JOSHUA WALKER

**WHEREFORE**, Plaintiff prays judgment against Defendant MARK NEWMAN as follows:

19. [sic]   For compensatory damages for the fourth cause of action;

20. [sic]   For liquidated damages for the fourth cause of action;

21. [sic]   For reasonable attorneys' fees in an amount to be shown according to proof, for the fourth cause of action.

22. [sic]   For an award of interest, including prejudgment interest, at the legal rate;

23. [sic]   For costs and fees of suit herein incurred; and

24. [sic]   For such other and further relief as this Court deems proper.

**ANSWER:**

Defendants deny any factual allegations in the prayer for relief, and deny that Plaintiff (or any other individual) is entitled to any relief whatsoever.

### PRAYER FOR RELIEF AS AGAINST
### DEFENDANT DANIEL SCHWENDIMAN

**WHEREFORE**, Plaintiff prays judgment against Defendant DANIEL SCHWENDIMAN as follows:

25. [sic]   For compensatory damages for the fifth cause of action;

26. [sic]   For liquidated damages for the fifth cause of action;

27. [sic]   For reasonable attorneys' fees in an amount to be shown according to proof, for the fifth cause of action.

28. [sic]   For an award of interest, including prejudgment interest, at the legal rate;

29. [sic]   For costs and fees of suit herein incurred; and

30. [sic]   For such other and further relief as this Court deems proper.

**ANSWER:**

Defendants state that the Prayer for Relief is directed to another Defendant, and thus no response from Defendants is required.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

In further answer to Plaintiff's Amended Complaint, Defendants assert the following additional defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST DEFENSE

Plaintiff and any individual who opts into this case fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims and the claims of any individual who opts into this case fail as a matter of law because Defendants did not employ them, either directly or jointly.

### THIRD DEFENSE

Plaintiff's claims and the claims of any individual who opts into this case are barred, in whole or in part, to the extent they fall outside of the applicable statutes of limitations.

### FOURTH DEFENSE

Defendants assert that the claims of Plaintiff and any individual who opts into this case are barred because any recovery would result in the unjust enrichment of Plaintiff and any other opt-ins.

### FIFTH DEFENSE

Defendants state, in the alternative, if necessary, that its actions with respect to Plaintiff and any individual who opts into this case were taken in good faith conformity with and in reliance on one or more administrative regulations, orders, rulings, approvals, interpretations, and/or administrative practices or policies pursuant to 29 U.S.C. § 259.

## SIXTH DEFENSE

Defendants' actions with respect to Plaintiff and any individual who opts into this case were taken in good faith with reasonable grounds to believe such conduct comported with the law. Plaintiff and any individual who opts into this case are therefore not entitled to liquidated damages.

## SEVENTH DEFENSE

The Amended Complaint is barred to the extent that Plaintiff or any individual who opts into this case has entered into a settlement and/or given a release, individually or collectively, to any Defendant or that encompasses any Defendant.

## EIGHTH DEFENSE

The claims of Plaintiff and any individual who opts into this case are barred, in whole or in part, to the extent the doctrines of res judicata and/or collateral estoppel apply.

## NINTH DEFENSE

The claims of Plaintiff and any individual who opts into this case are barred, in whole or in part, to the extent the doctrine of accord and satisfaction applies.

## TENTH DEFENSE

The claims of Plaintiff and any individual who opts into this case are barred, in whole or in part, to the extent the doctrine of payment and release applies.

## ELEVENTH DEFENSE

The claims of Plaintiff and any individual who opts into this case are barred, in whole or in part, to the extent the doctrine of waiver applies.

## TWELFTH DEFENSE

Defendants state that, in the alternative, if necessary, Plaintiff and any individual who opts into this case have received full payment for all work performed, thereby barring their claims;

alternatively, Defendants are entitled to an offset of any amount of relief claimed by Plaintiff and any individual who opts into this case based on compensation previously paid by any Defendant (or any other entity) for any hours when such individuals were not performing work and for any other compensation they would not have received if their allegations are proven to be true.

## THIRTEENTH DEFENSE

Defendants state that, in the alternative, if necessary, the claims of Plaintiff and any individual who opts into this case are barred to the extent the allegedly uncompensated time is *de minimis*.

## FOURTEENTH DEFENSE

Defendants state that, in the alternative, if necessary, if it has failed to pay individuals for any of the activities alleged in the Amended Complaint, the claims of Plaintiff and any individual who opts into this case are barred to the extent such activities do not constitute compensable work under the FLSA.

## FIFTEENTH DEFENSE

Defendants state that, in the alternative, if necessary, the claims of Plaintiff and any individual who opts into this case are barred, in whole or in part, to the extent the time at issue represents preliminary or postliminary time under the Portal-to-Portal Act, 29 U.S.C. § 251(a), and is, therefore, not compensable.

## SIXTEENTH DEFENSE

To the extent Plaintiff and any individual who opts into the case were paid for hours worked in excess of 40 hours in a week, their overtime claims are barred and Defendants are entitled to a credit relating to the same.

## **SEVENTEENTH DEFENSE**

Plaintiff does not have standing to pursue some or all of the claims she purports to assert on behalf of herself or others against Defendants.

## **PRAYER**

Defendants pray that Plaintiff's Amended Complaint be dismissed; that the Court deny conditional or final certification of this action as a collective action under the FLSA; that Defendants be awarded their costs in this matter, including, but not limited to, reasonable attorneys' fees as permitted by law; and that Defendants be granted such other and further relief to which they may be entitled.

DATED:  July 20, 2022                          Respectfully submitted,

                                               SEYFARTH SHAW LLP


                                               By:  */s/ Andrew M. McKinley*
                                               Andrew M. McKinley
                                               Florida Bar No. 122069
                                               1075 Peachtree Street, N.E.
                                               Suite 2500
                                               Atlanta, GA 30309-3958
                                               Telephone:   (404) 885-1500
                                               Facsimile:   (404) 892-7056
                                               amckinley@seyfarth.com

                                               *Attorney for Defendants Mark Newman and*
                                               *Joshua Walker*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2022, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will serve a copy of the same on all counsel of record.

/s/  Andrew M. McKinley
Andrew M. McKinley