# EXHIBIT B

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

**1. *Parties*.** The parties to this Agreement are Guirlene Bastien ("Bastien" or "Plaintiff" or "you"), and Nomi Health, Inc. ("Nomi"), MedX Staffing, Inc. ("MedX"), Mark Newman ("Newman"), Joshua Walker ("Walker"), and Daniel Schwendiman ("Schwendiman") (collectively, Nomi, MedX, Newman, Walker, and Schwendiman are referred to as "Defendants"). On or about August 2, 2022, Bastien opted in as a party plaintiff to a lawsuit in the U.S. District Court for the Southern District of Florida, titled *Alaa Eltahir, on behalf of herself and all those similarly situated, v. Nomi Health Inc., MedX Staffing, Inc., Mark Newman, Joshua Walker, Daniel Schwendiman, and Does 1 through 100*, Case No. 0:22-cv-61046-CMA (the "Lawsuit"), which alleged that Defendants had failed to pay certain individuals overtime under the Fair Labor Standards Act of 1938 ("FLSA"). On or about September 22, 2022, Bastien filed a Second Amended Complaint as a named plaintiff in the Lawsuit.

Bastien and Defendants are interested in avoiding all further legal costs and disputes, and in fully and expeditiously resolving the claims, charges, or issues of law or fact that were or could have been raised by Bastien against Defendants in the Lawsuit, as of the date Bastien signs this Agreement.

**2. *Consideration for Release of Claims*.** Defendants agree to pay twelve thousand eight hundred and eighty-seven dollars and sixty-eight cents ($12,787.68) as follows:

- $8,187.90, as non-employee compensation, in exchange for Bastien's release of any claims for allegedly unpaid wages and liquidated damages, including her claims under the FLSA. Defendants' receipt of an IRS Form W-9 completed and executed by Bastien is a condition precedent to this payment. Defendants will issue an IRS Form 1099 to Bastien reflecting this payment.

- $799.78, as non-employee compensation, in exchange for Bastien's release of any and all claims that Bastien may have against the Releasees (as defined below) arising out of any fact, condition, or circumstance whatsoever, up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise. Defendants' receipt of an IRS Form W-9 completed and executed by Bastien is a condition precedent to this payment. An IRS Form 1099 will issue to Bastien reflecting this payment.

- $600.00, as non-employee compensation, in exchange for Bastien's agreement to the confidentiality, nondisparagement, convent not to sue, and no-rehire provisions contained in this Agreement. Defendants' receipt of an IRS Form W-9 completed and executed by Bastien is a condition precedent to this payment. Defendants will issue an IRS Form 1099 to Bastien reflecting this payment.

- $1,600.00 for attorneys' fees and costs by direct deposit to Obeidy & Associates, P.A. Defendants' receipt of an IRS Form W-9 completed and executed by Obeidy & Associates, P.A. is a condition precedent to this payment. Defendants will issue an IRS Form 1099 to Obeidy & Associates, P.A. reflecting this payment.

- $1,600 for attorneys' fees and costs by direct deposit to Scott Law Team, LLC. Defendants' receipt of an IRS Form W-9 completed and executed by Scott Law Team, LLC is a condition precedent to this payment. Defendants will issue an IRS Form 1099 to Scott Law Team, LLC reflecting this payment.

Defendants will report the payment(s) above to the IRS as required by law. Bastien acknowledges that she has not relied on any statements or representations by Defendants or their attorneys with respect to the tax treatment of the payments described in this section. If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from any payment above (or any part thereof), Bastien acknowledges and assumes all responsibility for paying those amounts and further agrees to indemnify and hold Defendants harmless for payment of any additional taxes and any interest and penalties thereon.

Both parties warrant that they are not aware of any attorneys' liens placed on this matter.

Bastien agrees that the payments above are consideration for the promises by Bastien contained herein and that Defendants were not otherwise obligated to make these payments. The Parties further acknowledge that it is Defendants' position that Bastien was not, at any time relevant to the claims asserted in the Lawsuit, an employee of Defendants.

Defendants' obligations to make the payments above shall become due within 14 days after all of the following occur: (i) Defendants receive this Agreement executed by Bastien; (ii) the Court approves this Agreement, upon joint motion of the Parties, and dismisses the Lawsuit with prejudice, in full; and (iii) Bastien and her attorney(s) provide any completed tax forms identified above.

**3.** *Dismissal of the Lawsuit.* The parties agree that Bastien causing the Lawsuit and claims to be dismissed with prejudice is a condition precedent to Defendants' promises in this Agreement. Bastien agrees to take any actions necessary to effectuate the dismissal with prejudice. Bastien understands and acknowledges that if any portion of the claims asserted by any individual plaintiff in the Lawsuit is not dismissed with prejudice or proceeds in any respect, this Agreement shall have no force or effect and Bastien shall be entitled to no payments hereunder.

**4.** *Release of Claims.* Bastien releases Defendants, their parents, subsidiaries, affiliates, predecessors, successors, partnerships, investors, joint ventures, vendors, subcontractors, related entities, and all of Defendants' and the foregoing entities' past and present directors, officers, employees, and anyone else acting by, through, for, under, or in concert with any of them (collectively, the "Releasees") from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that party may have against any or all of the Releasees arising out of his work or employment with any Releasee and/or any other fact, condition, circumstance, or occurrence whatsoever, up to and including the effective date of this Agreement, whether known or unknown, suspected, or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any Releasee failed to pay any wages or other compensation or benefits including back pay, front pay, bonuses, commissions, equity,

expenses, incentives, insurance, paid/unpaid leave/time off, profit sharing, salary, or separation pay/benefits.

The Parties acknowledge that they may later discover facts different from or in addition to those now known to them or believed by them to be true with respect to any or all of the matters covered by this Agreement, and the Parties agree that this Agreement nevertheless shall remain in full and complete force and effect.

**5.     *Release Exclusions.*** The Release of Claims excludes the right to enforce this Agreement as well as any claims that cannot be waived by law. This includes any claim for unemployment or worker's compensation; any right to COBRA benefits or vested retirement benefits; and any existing rights of defense and indemnity or liability insurance coverage. Nothing in this Agreement limits Bastien's right to file a claim, give information, or participate in an investigation or proceeding with a government agency such as the U.S. Securities and Exchange Commission (SEC), the Equal Employment Opportunity Commission (EEOC), or the Occupational Safety and Health Administration (OSHA) under any law protecting such rights. Bastien gives up, however, the right to any money or other personal benefit from any Releasee (not a government agency) for any such claim or litigation, whether brought by Bastien or on her behalf, unless prohibited by law.

**6.     *Court Approval.*** The Parties will seek Court approval of the Agreement. Bastien agrees to cooperate in obtaining such approval. If the Court does not approve the settlement or does not dismiss the Lawsuit, in full, with prejudice, the Parties agree to engage in follow-up discussions with the goal of resolving the Court's concerns that precluded approval and/or full dismissal, to the fullest extent consistent with the parties' original, mutual intent at the time they agreed upon a settlement. If feasible, the Parties will then resubmit the settlement for approval within thirty (30) days, or if approval is again denied, they will take whatever measures are necessary to achieve settlement approval, to the fullest extent consistent with the Parties' original, mutual intent at the time they agreed upon a settlement.

**7.     *Promise Not To Sue.*** A "promise not to sue" means Bastien promises not to sue any Releasee in court. This is different from the Release above. Besides releasing claims covered by the above Release, Bastien agrees never to sue any Releasee for any reason covered by the Release, subject to the Release Exclusions. Despite this Promise Not To Sue, however, Bastien may file suit to enforce this Agreement. If Bastien sues a Releasee in violation of this Agreement, she shall be required to pay that Releasee's reasonable attorney fees and other litigation costs incurred in defending against her suit.

**8.     *Confidentiality of Agreement.*** This Agreement is strictly confidential. Other than as necessary to obtain Court approval of this Agreement, Bastien will not communicate this Agreement's terms, or any other settlement agreement entered into in connection with the Lawsuit, to any third party, whether verbally or in writing, by any means, including by social media. Any disclosure by Bastien will cause Defendants irreparable harm that money cannot undo. Accordingly, violation of this section will entitle Defendants to temporary and permanent injunctive relief. Except as required by law, Bastien has not disclosed and will not disclose any term of this Agreement or any other settlement agreement entered into in connection with the Lawsuit, including any payment under this Agreement or any other settlement agreement entered

into in connection with the Lawsuit, to anyone except her immediate family members and her legal/financial advisors. Each of them is bound by this Confidentiality of Agreement provision, and a disclosure by any of them is a disclosure by Bastien. Except as relates to obtaining Court approval of the Agreement, the only comment that Bastien or her legal counsel may make in response to an inquiry by a third party regarding the Lawsuit or this Agreement will be to say that "no dispute is pending." Bastien further represents that, as of the date Bastien executed this Agreement, she and her legal counsel have not disclosed the terms or fact of this settlement or any other settlement agreement entered into in connection with the Lawsuit to any individual, apart from through formal filings with the Court.

**9.** *Non-Disparagement.* Bastien promises not to do or say anything, verbally or in writing, directly or indirectly, that disparages, reflects negatively on, or otherwise detrimentally affects Defendants or any Releasee. This non-disparagement provision explicitly prohibits posting disparaging comments, remarks, videos, or reviews on social media platforms, including but not limited to Glassdoor, Indeed, Facebook, Yelp, search engine reviews, or other social media, career, or messaging platforms.

**10.** *Non-Admission.* Neither Defendants' offer reflected in this Agreement nor any payment under this Agreement is an admission that Bastien has a viable claim against any Releasee. Each Releasee denies all liability. The Parties agree that, except as otherwise provided herein, they shall bear their own respective attorneys' fees and costs. Neither Bastien nor Defendant shall be viewed as a prevailing party by virtue of executing this Agreement.

**11.** *Payment of Applicable Taxes.* Bastien is and shall be solely responsible for all federal, state, and local taxes that she may owe by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Bastien agrees to indemnify and hold Defendants harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed on him by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Bastien under this Agreement.

**12.** *Applicable Law.* This Agreement shall be interpreted under federal law if that law governs, and otherwise under the laws of Florida, without regard to its choice of law provisions.

**13.** *Enforceability.* If a court (or arbitrator) finds any part of this Agreement unenforceable, that part shall be modified and the rest enforced. If a court (or arbitrator) finds any such part incapable of being modified, it shall be severed and the rest enforced. A decision not to enforce this Agreement does not waive any future violation.

**14.** *Enforcement.* If Bastien breaches this Agreement, Defendants and each Releasee shall be entitled to preliminary and permanent injunctive relief plus attorneys' fees Defendants and/or each Releasee incur in enforcing this Agreement, unless otherwise expressly provided elsewhere in this Agreement, plus any additional relief determined to be appropriate.

**15.** *Counterparts.* This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, with the same effect as if all parties had signed the same document. All such counterparts shall be deemed an original, shall be construed together,

shall constitute one and the same instrument, and shall be considered confidential in accordance with the terms of this Agreement.

**16.** *Non-Assignment*. Bastien agrees that she has not and will not assign this Agreement, any part of this Agreement, or any rights arising under this Agreement, to any person or entity. Defendants further represent and warrant that, as of the effective date of this Agreement, the claims released under this Agreement have not been sold, assigned, or transferred, in whole or in part, to any other person or entity.

**17.** *No Future Employment.* Bastien agrees she will not knowingly seek or accept future employment or work with any Releasee, to the extent she is not working as an independent contractor or employee with that Releasee as of the date this Agreement is executed. If Bastien nonetheless seeks or obtains such employment or work after this Agreement takes effect, this Agreement shall constitute sufficient cause for refusing to hire or contract with her or for terminating her subsequent employment or work. However, if Bastien is working for an entity that is subsequently acquired by any Releasee at the time she is working for that entity, this Agreement shall not prohibit her from continuing such work.

**18.** *Entire Agreement.* This Agreement constitutes the entire, complete, and integrated statement of each and every term and provision agreed to by and between Bastien and Defendants related to Bastien's release of claims. This Agreement supersedes any prior representations, promises, or warranties (oral or otherwise) made by Bastien or Defendants as to such claims, and neither Bastien nor Defendants shall be liable or bound to any prior representation, promise, or warranty (oral or otherwise) as to the matters covered by this Agreement, unless expressly set forth herein. This Agreement shall not be modified or canceled in any respect, except as provided herein by a writing executed by Bastien and Defendants.

**19.** *Other Representations.* Bastien agrees:

- She has received all pay, compensation, benefits, leave, and/or time off he is due to date, including for overtime or vacation/PTO;

- She has not suffered any on-the-job injury for which she has not already filed a claim, and the end of her work is not related to any such injury;

- The payments and other consideration provided in this Agreement are not related to sexual harassment or sexual abuse;

- She has had the opportunity to negotiate this Agreement with Defendants, and this Agreement shall not be construed for or against any party as a drafter of its terms;

- She was advised in writing, by getting a copy of this Agreement, to consult with an attorney before signing below; and

- She is signing this Agreement knowingly and voluntarily.

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR AT YOUR OWN EXPENSE.

By: _[DocuSigned signature: 997E7D773E2E4CB...]_  10/27/2022
    GUIRLENE BASTIEN    (Date)

By: _____
    NOMI HEALTH, INC.    (Date)

Name: _____

Title: _____

By: _____
    MEDX STAFIFNG, INC.    (Date)

Name: _____

Title: _____

By: _____
    MARK NEWMAN    (Date)

Name: _____

Title: _____

By: _____
    JOSHUA WALKER    (Date)

Name: _____

Title: _____

6

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR AT YOUR OWN EXPENSE.

By: _/s/ (DocuSigned by: 997E7D773E2E4CB...)_  10/27/2022
GUIRLENE BASTIEN          (Date)

By: _Greg Price_  11/9/2022
NOMI HEALTH, INC.          (Date)

Name: Greg Price

Title: VP of People


By: _____
MEDX STAFIFNG, INC.          (Date)

Name: _____

Title: _____


By: _____
MARK NEWMAN          (Date)

Name: _____

Title: _____


By: _____
JOSHUA WALKER          (Date)

Name: _____

Title: _____

6

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR AT YOUR OWN EXPENSE.

By: *[signature]*   10/27/2022
    GUIRLENE BASTIEN   (Date)

By: _____
    NOMI HEALTH, INC.   (Date)

Name: _____

Title: _____

By: *[signature]*   11/9/2022
    MEDX STAFIFNG, INC.   (Date)

Name: Sariah Tuisaula

Title: People Partner

By: _____
    MARK NEWMAN   (Date)

Name: _____

Title: _____

By: _____
    JOSHUA WALKER   (Date)

Name: _____

Title: _____

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR AT YOUR OWN EXPENSE.

By: _[signature]_ 10/27/2022
    GUIRLENE BASTIEN   (Date)

By: _____
    NOMI HEALTH, INC.   (Date)

Name: _____

Title: _____

By: _____
    MEDX STAFIFNG, INC.   (Date)

Name: _____

Title: _____

By: _[signature]_ 11/9/2022
    MARK NEWMAN   (Date)

Name: Mark Newman

Title: CEO, Founder

By: _____
    JOSHUA WALKER   (Date)

Name: _____

Title: _____

6

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR AT YOUR OWN EXPENSE.

By: _[DocuSigned signature]_  10/27/2022
    GUIRLENE BASTIEN    (Date)

By: _____
    NOMI HEALTH, INC.    (Date)

Name: _____

Title: _____

By: _____
    MEDX STAFIFNG, INC.    (Date)

Name: _____

Title: _____

By: _____
    MARK NEWMAN    (Date)

Name: _____

Title: _____

By: _Joshua Walker_  11/9/2022
    JOSHUA WALKER    (Date)

Name: Joshua Walker

Title: Chief Operating Officer

6

By: _Daniel Schwendiman_   11/9/2022
    DANIEL SCHWENDIMAN   (Date)

Name: Daniel Schwendiman

Title: VP, Accounting & Finance

7